# NO. 12-19-00019-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***ISRAEL LEE COLE,*** *APPELLANT* | § | *APPEAL FROM THE 217TH* |
| ***V.*** | § | *JUDICIAL DISTRICT COURT* |
| ***THE STATE OF TEXAS,*** *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Israel Lee Cole appeals his conviction for possession of a controlled substance. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with the offense of possession of a controlled substance, methamphetamine, in an amount of one gram or more but less than four grams, including any adulterants and dilutants, a third degree felony.[1] The indictment included one felony enhancement paragraph. At the plea hearing, Appellant entered an "open" plea of guilty to the offense charged in the indictment. He and his counsel signed a written plea admonishments-waivers-stipulations in connection with his guilty plea, including a stipulation in which Appellant swore that his written guilty plea constituted sufficient evidence to sustain a guilty verdict, and

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (c) (West 2017).

judicially confessed to having committed each and every element of the offense alleged in the indictment.

At the sentencing hearing, the State notified the trial court that Appellant did not plead "true" to the enhancement paragraph in the indictment and was not admonished on a higher degree of punishment. Further, the State argued that Appellant had an extensive criminal history, and histories of unsuccessfully maintaining bond conditions, drug abuse, and unsuccessful community supervisions. Appellant also received treatment in an Intermediate Sanction Facility (ISF) and a Substance Abuse Felony Punishment Facility (SAFPF). Thus, the State requested that Appellant receive imprisonment, not community supervision. Appellant's counsel requested that he be given the opportunity to receive treatment to become sober again. At the conclusion of the sentencing hearing, the trial court accepted Appellant's guilty plea, adjudged Appellant guilty of possession of a controlled substance, and assessed his punishment at eight years of imprisonment.[2] This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[3] We have reviewed the record for reversible error and have found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

---

[2] An individual adjudged guilty of a third degree felony shall be punished by imprisonment for any term of not more than ten years or less than two years, and a fine not to exceed $10,000.00. TEX. PENAL CODE ANN. § 12.34 (West 2019).

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such brief has expired and no pro se brief has been filed.

## CONCLUSION

As required by **Stafford v. State**, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also* **In re Schulman**, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby **granted**, and the trial court's judgment is **affirmed**. *See* TEX. R. APP. P. 43.2.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; **In re Schulman**, 22 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See* **In re Schulman**, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or, if a motion for rehearing is filed, the date that the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; **In re Schulman**, 252 S.W.3d at 408 n.22.

Opinion delivered October 31, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 31, 2019

NO. 12-19-00019-CR

**ISRAEL LEE COLE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th District Court
of Angelina County, Texas (Tr.Ct.No. 2017-0692)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*